THE CITY OF CHICAGO

*v.*

DANIEL O'HARA.

1. MANDAMUS—*clerks' fees in criminal cases.* Under statutory provisions, the clerk of the criminal court of Cook county may compel the city of Chicago to pay him his fees in all cases of convictions in that court, and on a refusal, may maintain a writ of *mandamus* to compel their payment.

2. The act of 1865, rendering certain counties liable for such fees, does not embrace Cook county, and that act being special does not apply to fees in the criminal court of Cook county, and the county is not liable for such fees, but the city is, under previous legislation.

3. CONSTITUTION. The constitution of 1870 did not affect the tenure of office of the clerk of the criminal court of Cook county, but when the recorder's court was changed to the criminal court, the clerk was retained in office until the expiration of his term.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. M. F. TULEY, Corporation Counsel, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application for a *mandamus* by the clerk of the criminal court of Cook county against the city of Chicago, to compel the payment of certain fees due to him as such clerk. The act of 1853, creating the recorder's court of that city, provided that the fees of the sheriff and clerk in criminal convictions, where they could not be collected from the defendant, should be paid out of the city treasury. Under that law the jurisdiction of the court was confined to the city, and hence this provision was not unreasonable. The new constitution expressly continues the existence of the court, but extends its jurisdiction over the county. It is now the only tribunal of general jurisdiction for the administration of criminal justice in the county. Under these circumstances, the city claims that the fees which were willingly paid by her when the court was exclusively a city court, should now be paid by the county, the court having become a county court. In this view, it is insisted that the clerk should have sought his remedy against the county.

If there were a general statute requiring counties to pay fees in criminal convictions where they can not be collected from the criminals themselves, there would be some plausibility in the claim that this petitioner should look, in the first instance, to the county. The counsel for the city, in his brief, states this to be the general law of the State, but we know of no such statute. There is a special act, passed in 1865, establishing this rule in certain counties, and by subsequent acts some other counties have been added to the list, but Cook county is not one of them.

There being no general law making counties liable for fees of this character, this petitioner has no legal claim against Cook county, and he must be permitted still to collect his fees from the city, unless the framers of the new constitution intended to leave the clerk to his remedy against convicted

criminals, as is done in all counties in the State except those named in the special acts above mentioned. But this can not be supposed, for it might endanger the very existence of the court by rendering the office of clerk of such little pecuniary value that no competent person would undertake its responsible duties. Outside of Cook county, the collection of fees in criminal cases is of less importance, as the clerks of the circuit court depend chiefly upon fees in civil business. But under the new constitution, the criminal court of Cook county can exercise no civil jurisdiction, and it is well known that in a very large proportion of criminal convictions, costs can not be collected from the defendants. We can not suppose the makers of the constitution intended either to deny to the clerk of this important court a reasonable compensation, or to render it as precarious as it would be if solely depending on fees to be collected from convicted criminals. They expressly continued the recorder's court under a new name, and further provided that the clerk of the court should continue in office until the expiration of the term for which he was elected. As no other mode of compensation was established, and as none of an adequate character existed under the general laws of the State, we must conclude they intended the existing mode should continue until changed by the legislature. We fully agree with the counsel for the city that these fees should now, in justice, be paid by the county, but we are of opinion the clerk has no power to compel such payment, and that the *mandamus* against the city was properly awarded by the circuit court.

*Judgment affirmed.*